UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANNIE LEE OLIVER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-CV-137 SNLJ |
| TOMMY GREENWELL, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Annie Lee Oliver's motion to proceed in forma pauperis. After review of plaintiff's financial information, the Court will grant plaintiff's motion. However, for the reasons discussed below, the Court will provide plaintiff thirty (30) days in which to demonstrate that she is the real party in interest and to file an amended complaint.[1]

### Background

Plaintiff Anne Oliver states that she is bringing this action on behalf of her deceased brother, Michael Benford, who was a pretrial detainee at the Pemiscot County Jail in May 2017. She seeks to bring this action as Mr. Benford's personal representative pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his detention, as well as a wrongful death claim. Specifically, plaintiff Oliver states that Michael Benford was denied his "potassium medication" and "other crucial medical treatments" by defendants at Pemiscot County Jail for weeks while he was awaiting trial, and he died in defendants' custody as a result.

---

[1]Pursuant to 28 U.S.C. § 1915, the Court is required to review the complaint pursuant to frivolousness, maliciousness and for failure to state a claim.

Plaintiff has named Tommy Greenwell[2], Pemiscot County[3], Pemiscot County Jail[4] and John Does 1-10[5] as defendants in this action. She names defendant Greenwell in his individual and official capacities. However, plaintiff has not indicated which of the defendants specifically denied Mr. Benford his medicine or proper medical care or on which specific dates he was denied care.

### Discussion

The issue in this case is whether Ms. Annie Lee Oliver is the real party in interest, pursuant to Federal Rule of Civil Procedure 17(a), such that she is able to bring this action on behalf of her deceased brother, Michael Benford. Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

"The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d

---

[2]Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Tommy Greenwell was personally responsible for denying medical care to Michael Benford, and general responsibility for supervising operations of the Jail is insufficient to establish personal involvement required to support liability under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

[3]Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, or in this case, Pemiscot County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against Pemiscot County, a plaintiff must allege that a policy or custom of Pemiscot County is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the County was responsible for the alleged violations of plaintiff's constitutional rights.

[4]Plaintiff's claim against the Pemiscot County Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

[5]In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of John Does 1-10.

1041, 1045 (8th Cir. 2003). *See also Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012).

The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Rule 17 provides that the following persons may sue in their own names without joining the person for whose benefit the action is brought:

> (A) an executor;
> (B) an administrator;
> (C) a guardian:
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) a party authorized by statute.

Fed. R. Civ. P. 17(a)(1). If an individual is not acting in a representative capacity, his or her capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).[6] Missouri's wrongful death statute provides in relevant part:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

---

[6] Ms. Oliver's complaint states that she is domiciled in Hayti, Missouri.

3

> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
>
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem...

Mo. Rev. Stat. § 537.080. Pursuant to this statute, only "one action may be brought under this section against any one defendant for the death of any one person." *Id.*

Ms. Oliver, the plaintiff in this action, has not demonstrated that she is the proper party to bring this lawsuit on Mr. Benford's behalf. She notes in the complaint that Mr. Benford was a father, son and brother. However, she has not alleged that she is Mr. Benford's executor, administrator or guardian which would allow her to sue in her own name pursuant to Fed.R.Civ.P.17(a). Additionally, because Ms. Oliver has indicated that plaintiff has children and is a son, there appear to be persons in class (1) of § 537.080 that may have the ability to act as a representative capacity under Missouri State law. In short, Ms. Oliver simply has not shown that she is the proper party to file a lawsuit on Mr. Benford's behalf.

Therefore, the Court will provide plaintiff thirty (30) days to demonstrate that she is the real party in interest in this case and to file an amended complaint on a court form. If she is the real party in interest and files an amended complaint, she must file her own motion to proceed as Mr. Benford's personal representative.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Annie Lee Oliver's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this Memorandum and Order in which to demonstrate that she is the real party in interest and to file an amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff is the real party in interest, she must file a motion seeking leave to be Michael Benford's personal representative.

**IT IS FURTHER ORDERED** that if an amended complaint is not filed within thirty (30) days of the date of this Memorandum and Order this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a court-form for filing a pro se civil complaint.

Dated this 4th day of November, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE